UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL EUGENE DICKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 18-cv-4037-JBM |
| ) | |
| MEND CORRECTIONAL CARE and ) | |
| MICHELLE S., MEDICAL TECHNICIAN, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action for deliberate indifference to his serious medical needs at the Rock Island County Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that on December 15, 2017, he was given his psychological medications by Defendant Michelle S., a medical technician employed by Defendant MEND Correctional Care ("MEND"). Staff required that prisoners open their mouths after swallowing their pills, in an apparent effort to make sure that the medications were ingested and not hoarded. Plaintiff alleges that one of the pills stuck to the roof of his mouth and he motioned to Defendant Michelle

1

for more water. Defendant accused Plaintiff of "cheeking" his meds and demanded that he open his mouth. Plaintiff claims that he was forced to run to the bathroom to get water to wash down the pill. Plaintiff makes an additional claim that Defendant refused to crush his pills into powder, despite his request. He also makes the vague accusation that "[f]rom this incident, Michelle S. stopped my medication being offered to me." Plaintiff claims to have suffered withdrawal symptoms, which include nausea, sleepiness, headaches, hallucinations, appetite loss, paranoia, depression, passive aggressive, and a multitude of cognitive thinking impairments.

Since it appears that Plaintiff is a pretrial detainee rather than convicted prisoner, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. The standard of review, however, is the same under the Fourteenth Amendment, as under the Eight Amendment. *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000). It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Snipes v DeTella*, 95 F3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). A claim does not rise to the level of an Eighth Amendment issue, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir.1996).

Here, it is unclear whether Plaintiff is claiming that Defendant's refusal to crush his pills was a denial of medication or whether he claims that she refused to give him medications in any form. Plaintiff's claim against Defendant is too vague to stay a constitutional claim and he will be given an opportunity to replead. The claim that Defendant did not give him extra water, in

2

this one instance, fails to state a constitutional claim, particularly as Plaintiff was able to obtain water on his own. This claim is DISMISSED.

Plaintiff names MEND, which may be liable for a constitutional injury under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978), but only where the injury is caused by it policy or practice. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury.) Here, Plaintiff does not allege any unconstitutional practice of MEND and appears to hold it liable merely as the employer of Defendant Michele. The doctrine of *respondeat superior* (supervisor liability), however, does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). MEND is DISMISSED.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order in which to file an amended pleading. The pleading is to be captioned Amended Complaint and is to replace Plaintiff's original complaint in its entirety, without reference to the former. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2) Plaintiff has filed [5], a motion for recruitment of pro bono counsel. The Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this and can only request that counsel volunteer to act without payment. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). Before doing so, the Court requires that Plaintiff document a good faith effort to

obtain counsel on his own. Here, Plaintiff does not assert that he attempted to obtain representation. [5] is DENIED, *see Pruitt*, 503 F.3d 654-55. In the event that Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel. Plaintiff's motions for status [8], [9] and [11] are rendered MOOT.


6/29/2018                                         s/Joe Billy McDade
ENTERED                                        JOE BILLY McDADE
                                                UNITED STATES DISTRICT JUDGE