# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL EUGENE DICKERSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 18-cv-4037-JBM |
| | ) |
| MEND CORRECTIONAL CARE and | ) |
| MICHELLE S., MEDICAL TECHNICIAN, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW-AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, filed an amended complaint alleging deliberate indifference to his serious medical needs at the Rock Island County Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that on December 15, 2017, Defendant Michelle S., a medical technician, dispensed his psych medications. Plaintiff complains that he had five pills and was provided only 1/8 of a Dixie Cup of water. Plaintiff claims he could not swallow the pills and that Defendant accused him of "cheeking" the medication. He claims, without further explanation that the following day, Defendant told him he "was no longer getting [his] meds." Plaintiff

1

claims serious side effects from the abrupt withdrawal of his medications and inexplicably claims that the "next step" would require that Defendant crush his medications before giving them to him.

Plaintiff was a pretrial detainee during the events at issue so his medical deliberate indifference claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). Under the Fourteenth Amendment standard, a pretrial detainee need establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). In other words, that defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 2018 WL 3796482, at *12.

In his amended complaint, Plaintiff reiterates the claim dismissed from his original complaint. He states only that Defendant told him he was no longer getting his meds. It is unclear whether Plaintiff's physicians had discontinued his medications and Defendant was reporting that to him, a blameless act, or whether Plaintiff claims that Defendant refused to give him medications even though his physicians had ordered them given, a blame worthy act. The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Construction Co., Inc, v.*

*International Steel Services*, *Inc*. 283 F.3d 867, 872 (7th Cir.2002), quoting *Davis v. Ruby Foods, Inc*., 269 F.3d 818, 820 (7th Cir. 2001). Plaintiff fails to allege sufficient facts to successfully plead that Defendant was deliberately indifferent to him. Plaintiff will be given another opportunity, within 21 days, to replead.

The Court notes that in its prior merit review order, it dismissed Defendant MEND Correctional Care as Plaintiff did not allege that he was injured due to a MEND policy or practice. The Clerk is directed to terminate MEND as a party.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 21 days from the entry of this order in which to file an amended pleading. The pleading is to be captioned Second Amended Complaint and is to replace Plaintiff's original complaint in its entirety, without reference to the former. Failure to file a second amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Defendant MEND is to be terminated as a party, as it was dismissed in the Court's June 29, 2018 merit review order.

2) Plaintiff has filed [19], identifying a change of address, requesting a hearing on his amended complaint and requesting a discovery packet. [19] is GRANTED to the extent that Plaintiff is informed that the Clerk has updated the docket to reflect his updated address. He is also informed that if his amended complaint survives merit review Defendant will be given an opportunity to file an answer to the complaint, after which the Court will enter a scheduling order providing the particulars for discovery. To the extent that [19] requests a hearing, it is rendered MOOT by this merit review order.

12/20/2018                              s/Joe Billy McDade
ENTERED                              JOE BILLY McDADE
                                     UNITED STATES DISTRICT JUDGE